UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAPITAL IMPROVEMENT BOARD OF MARION COUNTY, INDIANA, ROBERT GRAND, PATRICK EARLY, ANN LATHROP, <br><br>Petitioners,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent.<br>_____<br><br>BREN SIMON,<br><br>Interested Party. | No. 1:16-mc-00077-TWP-TAB |

**ORDER ON MOTON TO QUASH**

Litigation can be taxing.  This matter is no exception.

A tax dispute lies at the heart of the motion to quash pending before this Court.  [Filing No. 1.]  That dispute traces its origins to 2009, when Melvin Simon transferred management control of the Indiana Pacers to his brother, Herbert Simon.  Later that year, Melvin Simon died.  The IRS determined that the restructuring of the ownership of the Pacers constituted a taxable gift from Melvin to Herbert Simon.  Melvin Simon's surviving spouse, Bren Simon, paid the tax and then brought an action for a tax refund that now pends in Colorado.  As part of the discovery in that case, the IRS served a non-party subpoena on the Capital Improvements Board.  The CIB

raised various objections to this subpoena but, after meet-and-confer efforts, produced responsive documents.

Thereafter, the IRS served subpoenas for the depositions of: (1) Patrick Early, president of Somerset CPAs and Advisors, who served on the CIB from 1992–2010, including as president of the CIB from 1994–1999; (2) Robert Grand, managing partner of Barnes & Thornburg and president of the CIB from 2008–2010; and (3) Ann Lathrop, Chief Marketing Officer and Office Managing Partner for the Indiana office of Crowe Horwath, who served on the CIB from 2008–2016, including serving as CIB treasurer in 2008 and 2009 and as president from 2010–2015. The CIB seeks to quash these depositions for a number of reasons.

The CIB asserts that these individuals "hold high-profile and demanding leadership positions within their respective firms" and have "substantial community involvement and commitments" that would make providing deposition testimony unduly burdensome. [Filing No. 1, at ECF p. 5.] The CIB also contends that the discovery is not proportional to the needs of the case, that these individuals have very little information that would be relevant to the tax dispute pending in Colorado, and that any information that they might have either can be or has been obtained from other, more readily accessible sources. The IRS counters that the motion to quash rests on two flawed propositions. First, the IRS asserts that a busy schedule is not a basis for denying otherwise proper discovery. Second, the IRS contends the subpoenaed individuals have relevant information or, at least, the IRS should be entitled to test their knowledge. [Filing No. 5, at ECF p. 2.]

Both sides argue persuasively for their positions. For example, the IRS points to case law demonstrating that important or busy people do not get a pass from complying with a subpoena. In one such case, *Merdelin v. Johnson*, 242 F.R.D. 481, 486 (N.D. Ill. 2007), Magistrate Judge

Jeffrey Cole rejected what he termed the "I'm too important" argument in denying a motion for protective order that sought to prevent the deposition of defendant's chief executive officer. Even a sitting President of the United States is not immune from responding to reasonably scheduled discovery. *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (holding district court abused its discretion in denying all discovery until the President left office). On the other hand, the CIB rightly points out that it is a non-party to these proceedings, and thus is entitled to special protections. These safeguards are ensconced into Fed. R. Civ. P. 45(d), which provides in relevant part that a party or attorney issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

However, it appears the IRS has taken such precautions. The IRS has offered to reschedule (the now postponed) depositions to a time more convenient for the witnesses, the depositions are to be taken in Indianapolis, where the deponents reside or work, and the depositions are not anticipated to last longer than four hours. [Filing No. 5, at ECF p. 4, 10-11.] Thus, the CIB cannot rely on the deponents' busy schedules to completely thwart IRS efforts to obtain deposition testimony.

More convincing, perhaps, is the CIB's argument that the information the IRS seeks has been or will be provided in discovery. The Court will not restate all of that information here, but the CIB convincingly establishes that the Pacers and the Simons have or will provide the IRS with a substantial amount of financial information. [Filing No. 1, at ECF p. 11-12.] As the CIB puts it, "Even a mere glance at this comprehensive list of financial information makes it clear that former board members who only had tangential information about the Pacers during this time frame will not have any additional, relevant information to provide above and beyond the

vast financial information that the Pacers and Simons are prepared to produce in short order." [Filing No. 1, at ECF p. 12.]

   Thus, the Court concludes that producing all three individuals for depositions would be needlessly cumulative.  Instead, the CIB must produce one of these individuals (to be selected by the IRS) in Indianapolis at a mutually convenient location for a deposition not to exceed four hours.  If based upon the elicited deposition testimony the IRS believes there are renewed reasons for deposing either one or both of the other individuals, counsel shall contact the undersigned to schedule a telephonic status conference to address the matter.  Finally, the Court rejects the CIB's request that the IRS be ordered to pay the fees and expenses incurred by the CIB and its former board members in responding to this discovery.  While non-parties must take reasonable steps to avoid imposing undue burden or expense on persons subject to a subpoena, the Court finds that the steps outlined in this order adequately address these concerns.  Accordingly, consistent with this order, the motion to quash [Filing No. 1] is granted in part and denied in part.

   Date:  3/14/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

John W. Porter
BAKER BOTTS LLP
john.porter@bakerbotts.com

Keri D. Brown
BAKER BOTTS, L.L.P.
keri.brown@bakerbotts.com

Briana Lynn Clark
BINGHAM GREENEBAUM DOLL LLP
bclark@bgdlegal.com

K. Michael Gaerte
BINGHAM GREENEBAUM DOLL LLP
mgaerte@bgdlegal.com

James Edward Weaver
UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION
james.e.weaver@usdoj.gov